**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 10 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BRENDA K. JOHNSON,

      Plaintiff-Appellee,

v.

WAL-MART STORES, INC.,

      Defendant-Appellant.

No. 98-2062
(D.C. No. CIV-96-760-JP/JHG)
(D. N.M.)

---

ORDER AND JUDGMENT  *

---

Before **BALDOCK, EBEL,** and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Brenda Johnson brought this action to recover damages from defendant Wal-Mart Stores, Inc. for injuries from a fall she sustained in Wal-Mart's Albuquerque, New Mexico store. Alleging that Wal-Mart was negligent, Ms. Johnson claimed she suffered severe injury to her knee when she slipped and fell because of a spilled Icee, a frozen drink sold at Wal-Mart's snack bar. A jury found Wal-Mart to be one-hundred percent liable for Ms. Johnson's injuries and awarded her compensatory damages in the amount of $407,603.29. Wal-Mart appeals the district court's denial of its motion for a new trial, or in the alternative, remittitur. We affirm.

On August 26, 1993, Ms. Johnson entered the Wal-Mart store to return car mats she had purchased the day before. She sought help from a store associate who accompanied her to the automotive section of the store. Returning to the customer service desk by a different route, she slipped and fell on the spilled Icee.

At trial, Ms. Johnson testified that, following the fall she experienced neck and back pain which shortly resolved itself. See Appellant's App. at 110. Six weeks after the accident, however, she saw a doctor complaining of knee pain. She subsequently underwent an extended period of treatment including a cast, two surgeries, three knee braces, and physical therapy. Ms. Johnson's orthopedic surgeon, Dr. Jeffrey Felter, testified at deposition that he was reasonably certain that the injury to Ms. Johnson's knee was as a result of the fall. See id. at 183.

Although Dr. Felter concluded that Ms. Johnson's knee would never regain pre-injury status, and she would suffer pain with activity, he opined that she was not disabled.  See id. at 189.

At the time of the fall, Ms. Johnson was employed as an apartment house manager which included paper work as well as cleaning vacant apartments. Because her husband filled in for her and relieved her of the strenuous work activities, she did not lose any earnings due to her injury.  Ms. Johnson testified that, following the accident, she was unable to engage in activities such as bowling and swimming with her older daughter,  see id. at 124, or properly caring for her infant daughter,  see id. at 125.

"Federal law governs the granting or denial of a motion for a new trial in diversity actions in federal court."  Blanke v. Alexander , 152 F.3d 1224, 1235 (10th Cir. 1998).  In reviewing the district court's denial of Wal-Mart's motion for new trial, we do not determine the sufficiency or weight of the evidence, but limit our review to whether the district court's decision was a manifest abuse of discretion.  See id.  Likewise, "'federal law governs the decision whether a remittitur should be granted in a diversity case.'"  Id. at 1236 (quoting  K-B Trucking Co. v. Riss Int'l Corp. , 763 F.2d 1148, 1162 (10th Cir. 1985)) (further quotation omitted).  We afford the district court's denial of Wal-Mart's motion for remittitur considerable deference on appeal, and "absent an award so

excessive or inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial, the jury's determination of the fact is considered inviolate." Id. (further quotation omitted).

Wal-Mart argued that the damage award to Ms. Johnson of $407,603.29 was excessive, contrary to the evidence, and inappropriately predicated on passion and prejudice. In denying Wal-Mart's motion for new trial, or in the alternative for remittitur, the district court held that, based on Dr. Felter's testimony as to Ms. Johnson's prognosis, Ms. Johnson's testimony as to her limitations and pain, and the fact that the award amounted to less that $10,000 per year through Ms. Johnson's life expectancy, the award was not excessive. We agree.

The record reveals that Ms. Johnson suffered a serious knee injury requiring extensive treatment, repeated surgeries, and continued physical therapy. As her doctor testified, her knee would never be normal and she would continue to suffer restricting pain which limited her activities. [1] Her medical bills, past and

---

[1]     Wal-Mart argues that Ms. Johnson's trial testimony as to the restrictions on her activities conflicted with her testimony in a prior deposition and was, therefore, incredible. A trial court, however, "should not order a remittitur or a new trial when the size of the verdict turns upon conflicting evidence and the credibility of witnesses." See Palmer v. City of Monticello, 31 F.3d 1499, 1508 (10th Cir. 1994).

future totaled approximately $26,600. Therefore, based on the evidence, we conclude that the jury's award of damages was reasonable in light of the record as a whole, and the district court was correct in denying Wal-Mart a new trial.

Nothing in the record suggests that the jury was improperly motivated in making the award. "Unlike special damages, such as medical expenses and loss of earnings, which require specific proof, general damages for pain and suffering, such as those present here, are not susceptible to proof by a set dollar amount." Blanke, 152 F.3d at 1237. Here, the amount of the award did not shock the district court's judicial conscience, and it does not shock ours. Therefore, we conclude that the award of damages was appropriate in light of the evidence, and the district court did not err in denying Wal-Mart's request for remittitur.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge